### FREEMAN & A. *v.* PLAINFIELD.

A report of county commissioners, refusing to lay out a new highway which involved the building of a bridge across Connecticut river, cannot be set aside or recommitted by the court because the commissioners, at the hearing, rejected evidence of offers made by a town in Vermont, and other persons interested, to defray a portion of the expense of building the bridge, in case the proposed new highway should be laid out. Section 8 of chapter 63 of the General Statutes makes the decision of the commissioners, as to questions of this sort, final and conclusive.

PETITION of James Freeman and others for a highway in Plainfield, from a point on or near the easterly bank of Connecticut river, across the river to the Vermont line. On this petition a hearing was had by the county commissioners, and at this term they make a report adverse to the laying out of the highway. In a supplementary report, the commissioners report that they held, as a matter of law, that evidence of offers to contribute to the expense of building the bridge could not be considered, or shown as a reason for laying out the new highway, and that in their decision they were governed by that view of the law. In the affidavit of the chairman of the board of commissioners, the character of these offers is stated, namely, the old pier and stone-work and remains of the old bridge on the location of the proposed highway, were offered to the town without charge, if the highway was laid, and the same would be valuable in building the proposed bridge; also an opportunity to take rock from the ledge on the neighboring land of D. H. Sumner's estate, free of charge, and all the land damages waived. The town of Hartland, in Vermont, also offered three thousand dollars towards the enterprise, in accordance with the terms of the record of a vote of that town, a copy of which was attached to the affidavit, and may be read at the hearing. This record showed a vote of the town of Hartland to pay to the town of Plainfield three thousand dollars, on condition that a bridge is erected; and the chairman of county commissioners, in his affidavit, states that this sum is considerably more than the probable cost of the Vermont part of the bridge.

By Laws of Vermont, of November 6, 1869, the town of Hartland was empowered to aid in the construction of a bridge there, and to make contracts and hold property for that purpose, and this law may be read at the hearing. By Laws of New Hampshire, of June 27, 1870, Plainfield was, by a general law, authorized to unite with Hartland in constructing a bridge over the Connecticut river.

The petitioners excepted to the decision of the commissioners excluding the considerations of these offers, and moved that the report be set aside.

*Colby* (with whom were *Wheeler & Faulkner* and *Benj. H. Steele* of Vermont), for the petitioners.

*Allen* and *Cushing*, for Plainfield.

LADD, J.  It is very plain, we think, that the court has no power to set aside this report for the cause assigned.

The supposed error of the commissioners is, that they rejected offers to contribute to the expense of building the bridge, made by the town of Hartland, in Vermont, and the estate of D. H. Sumner, and held that such offers could not be legally considered by them as a reason for laying out the new highway.  The able and ingenious argument of the plaintiffs' counsel has been addressed to the question whether such evidence ought to have been received and acted on by the commissioners,—the contention being that the commissioners erred in rejecting it.  We think that question is not open to the petitioners or the court upon this motion.  The statute provides that no report made by the commissioners shall be recommitted or set aside because of the admission or rejection of any evidence offered at the hearing.  Gen. Stats., ch. 63, sec. 8.  That these offers are to be regarded as evidence, admits, we think, of no doubt; for it is obvious, if the court had power to recommit the report to the commissioners, with an order that they should allow the offers to be proved before them at the hearing, and consider such offers in making up their decision whether or not to lay out the highway, it would still be for them to determine the weight and effect of the offers as evidence, and they might still refuse the prayer of the petition.

It is impossible to distinguish this case from any other where the commissioners, acting upon their own view of the law, reject evidence offered by one side or the other, and then decide the matter before them upon the evidence which they have considered admissible : if, for example, in this case, instead of an artificial pier there had been a natural rock in the middle of the river, as supposed by counsel for the petitioners, in their brief, and the commissioners had declined to hear testimony of persons skilled in such matters, offered by the petitioners, to show that the rock was of a size, shape, and character suitable to furnish support for a bridge, and would therefore save the expense of building a pier, it would probably not be contended that their report adverse to the petitioners could, for that reason, be set aside by the court.  This case does not differ in principle from the one supposed. The jurisdiction of the commissioners, as to questions of evidence arising before them, is made exclusive and final by the express terms of the statute.  It is not necessary, therefore, to examine the petitioners' argument against our cases of *Dudley* v. *Cilley*, 5 N. H. 558, *Dudley* v. *Butler*, 10 N. H. 282, and *Knowles's Petition*, 22 N. H. 361.

*Judgment on the report.*